**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**BRITISH MOSS,**

      **Plaintiff,**

v.                                            **Case No: 5:24-cv-356-PGB-PRL**

**LEESBURG MEDICAL REGIONAL**
**CENTER,** *et al.***,**

      **Defendants.**
_____/

**ORDER**

Plaintiff British Moss, a state prisoner proceeding pro se, initiated the instant civil rights action. (Doc. 1). The case was initially filed in the Tampa Division of this Court and later transferred to the Ocala Division. (Doc. 2). Plaintiff, who is barred from proceeding as a pauper under 28 U.S.C. § 1915(g)'s three strike provision, has paid the $405 filing fee. *See Moss v. Dobson*, No. 1:24-cv-21546, Doc. 5 (S.D. Fla. May 9, 2024). However, because Plaintiff is incarcerated and "seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court must screen the complaint to determine if it may proceed. 28 U.S.C. § 1915A(a).

## I.   Background

Plaintiff brings this action as next of kin[1] for his mother Gail A. Moss, alleging that the defendants were deliberately indifferent to her serious medical needs, beginning when Ms. Moss, then a federal inmate at FCC Coleman, was admitted to Leesburg Regional Medical Center on March 23, 2013. (Doc. 1). Ms. Moss died on June 19, 2014. (*Id.* at 6). Plaintiff's complaint names 21 defendants. (*Id.*) He asserts that certain defendants "improperly medicated [Ms. Moss] with heavy doses of illegal deadly opioids" when Ms. Moss's medical records indicated that she was allergic to those drugs. (*Id.* at 6). He further alleges that two doctors performed deficient surgical procedures that contributed to Ms. Moss's death. (*Id.*) He also asserts that the medical examiner destroyed evidence and "fraudulently indicated on Ms. Moss's death certificate that she died of natural causes. (*Id.* at 7). Plaintiff also alleges that a pharmacist "illegally dispensed doses of opioids" to Ms. Moss. (*Id.*)

Plaintiff's complaint lists the following counts: (1) health care fraud, in violation of 18 U.S.C. § 1343; (2) criminally negligent homicide, in violation of 18 U.S.C. § 1112(a) and Fla. Stat. § 782.07(1); (3) gross negligence, in violation of 19 U.S.C. § 1592 and 42 U.S.C. § 1983; (4) wrongful death by health care provider, in

---

[1]   The complaint states that Johndrea Oliphant is the personal representative. (Doc. 1 at 1).

2

violation of 28 U.S.C. § 1346(b) and Fla. Stat. § 768.16–26; (5) spoliation of evidence by the medical examiner, in violation of 34 U.S.C. § 10272; and (6) violation of Ms. Moss's rights under the Fifth Amendment, in violation of 42 U.S.C. § 1983.

Plaintiff filed a similar complaint in 2017, seeking redress for alleged constitutional violations that led to or contributed to his mother's death. *See Moss v. Leesburg Reg'l Med. Ctr.*, No. 5:17-cv-535-TJC-PRL (M.D. Fla.). There, the complaint was dismissed without prejudice for lack of standing because the court found Plaintiff was not the personal representative of his mother's estate, and he therefore lacked standing to raise any of the claims he had brought. *See Moss*, No. 5:17-cv-535-TJC-PRL, 2020 WL 601519, at *4 (M.D. Fla. Feb. 7, 2020). Plaintiff appealed, and the Eleventh Circuit affirmed the dismissal of the complaint. *See Moss v. Leesburg Reg'l Med. Ctr.*, No. 20-11376, 2021 WL 5175549 (11th Cir. Nov. 8, 2021).

## II. Legal Standard

This case is currently before the Court for screening pursuant to the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915A. The PLRA requires the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court must liberally construe a pro se Plaintiff's allegations. *See Haines v. Kerner*, 404 U.S.

519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).

Furthermore, the concept of standing is an integral part of "the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41-42 (1976). Standing is "a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted). "[A] party's standing to sue is generally measured at the time of the complaint[.]" *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1267 (11th Cir. 2001).

### III. Discussion

As was the case in his previous action, Plaintiff's complaint must be dismissed for lack of standing. Florida law provides that a wrongful-death "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." Fla. Stat. § 768.20. Under Florida's Wrongful Death Act, "the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the

decedent's survivors and the estate." *Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Grp.*, 64 So. 3d 1187, 1191 (Fla. 2011).

Here, Plaintiff's complaint indicates that he is next of kin to Ms. Moss, but nothing suggests that Plaintiff has been appointed as the personal representative of his mother's estate. Indeed, the complaint indicates that Johndrea Oliphant is the personal representative for either Plaintiff or Ms. Moss. (Doc. 1 at 1). Plaintiff, who is not a lawyer and who is proceeding pro se, cannot represent the estate when another individual who has been appointed as the personal representative of the estate. *See Laguille-Brugman v. United States*, No. 8:21-cv-1064-CEH-JSS, 2022 WL 17452512, at *1 (M.D. Fla. Dec. 6, 2022) (noting "courts in this Circuit have held that an individual may not represent an estate pro se"). Additionally, as a convicted felon,[2] Plaintiff is ineligible to serve as a personal representative under Florida law. *See* Fla. Stat. § 733.303(1)(a). Because Plaintiff brought this civil action in his capacity as his mother's "next of kin," he lacks standing to pursue any claims on behalf of his mother's estate.

Additionally, to the extent attempts to bring claims under criminal statutes, there is no private cause of action to bring criminal charges. "An alleged violation of a criminal statute, without more, creates no civil or private cause of action

---

[2] Plaintiff is serving a life sentence imposed in 1999 for a sexual battery offense. *See State v. Moss*, No. 98-37639 (Fla. 11th Cir. Ct.).

5

against the alleged perpetrator." *Grosz v. SunTrust Bank*, No. 8:12-cv-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013). With limited exceptions, none of which apply to § 1983 actions, federal law does not allow a private citizen to proceed against another citizen pursuant to a criminal statute. *See, e.g., Maine v. Taylor*, 477 U.S. 131, 136 (1986) (stating that private citizens may not file lawsuits under Title 18 of the United States Code; criminal statutes may be enforced by the United States and its attorneys only); *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, No. 8:17-cv-169, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017) ("18 U.S.C. §§ 1341 and 1343 are criminal mail and wire fraud statutes that do not create private causes of action.") (citing *Austin v. Glob. Connection*, 303 F. App'x 750, 752 (11th Cir. 2008)); *Haegele v. Judd*, No. 8:19-cv-2750-T-33CPT, 2020 WL 1640034, at *3 (M.D. Fla. Apr. 2, 2020) ("[The plaintiff] has not cited any authority establishing that the criminal manslaughter statute—Florida Statute § 782.07—creates a private right of action separate from a traditional wrongful death claim.").

Accordingly, it is **ORDERED** that:

1. Plaintiff British Moss's Complaint (Doc. 1) is **DISMISSED** for lack of standing.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this file.

**DONE AND ORDERED** in Orlando, Florida on August 14, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties